UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JORGE VASQUEZ,

                Plaintiff,　　　　　　　　**Plaintiff's Complaint**

-against-

                                Docket no: 07 cv 9813 (LAK)

UNITED STATES OF AMERICA, UNITED
STATES DRUG ENFORCEMENT
ADMINISTRATION and
 "DEA AGENT JOHN DOE,"

                Defendants.

-------------------------------------------------------------x

       Plaintiff, for his complaint, through his attorneys, Becker & D'Agostino, PC, states:

*Jurisdictional allegations:*

       1. This court has jurisdiction in that there is a Federal question (28 USC § 1331) since this is a civil action in which the United States is a defendant, pursuant to 28 USC § 1346.

       2. The incident which gives rise to this suit occurred in New York County, in the City and State of New York, which is within in the area encompassed by the United States District Courts' Southern District of New York.

       3. The incident which gives rise to this suit occurred on May 10, 2005.

       3. The amount in controversy is three million dollars ($3,000,000.00).

       4. Plaintiff presented a claim entitled Claim for Damage, Injury or Death ("Standard Form 95") for adjudication to defendant, through its agency the "U.S. Drug Enforcement Administration" on or about March 22, 2007 and again on or about April 11, 2007.

       5. Said claim was presented within two years of the date of the occurrence described therein.

6. On or about May 10, 2007, defendant issued a written denial of plaintiff's claim by letter sent via certified mail return receipt requested.

7. This suit is being commenced within six months of the issuance of the defendant's said denial of claim letter.

8. On May 10, 2005, and for some time prior thereto, the United States Drug Enforcement Administration (hereinafter "DEA") was, and remains an agency of defendant United States of America, within the United States Department of Justice.

9. "DEA Agent John Doe" is the fictitious name of an agent and employee of defendant United States Drug Enforcement Administration who was on duty on May 10, 2005 in the County, City and State of New York and was then and there operating a motor vehicle owned by defendants DEA and/or United States of America.

*As and for a count against defendant United States of America and DEA Agent John Doe:*

10. On May 10, 2005 and for some time prior thereto, defendant US had employees within its said DEA.

11. On May 10, 2005 and for some time prior thereto, defendant US owned various motor vehicles within its said DEA.

12. On May 10, 2005 and for some time prior thereto, defendant DEA owned various motor vehicles for use by its agents and employees.

13. On May 10, 2005, at approximately 6:30PM, agents and employees of the defendant DEA were in the process of arresting plaintiff in the County, City and State of New York.

14. The above event was a part of a sting operation set up by agents and employees of the defendant DEA..

15. As a part of the said operation, defendant DEA utilized its agents and employees.

16. As a part of the said operation, defendant DEA utilized one or more motor vehicle.

17. During the said arrest, plaintiff had exited a motor vehicle and was surrendering to authorities.

18. While plaintiff was standing, surrendering to agents of defendant DEA, a motor vehicle operated by defendant DEA Agent John Doe struck the body of plaintiff, running over his right foot, causing plaintiff to fall to the ground and sustain further injuries.

19. At the above time and place, defendant DEA Agent John Doe was operating his said motor vehicle with the consent and permission of defendant DEA.

20. At the above time and place, defendant DEA Agent John Doe was operating his said motor vehicle with the consent and permission of defendant US.

21. At the above time and place, defendant DEA Agent John Doe was acting within the scope and duties of his employment with defendant US.

22. At the above time and place, defendant Agent John Doe was acting within the scope and duties of his employment with defendant DEA.

23. Defendant US is responsible for the acts of the said driver through vicarious responsibility and through *respondeat superior*.

24. Defendant DEA is responsible for the acts of the said driver through vicarious responsibility and through *respondeat superior*

25. The above incident and the resulting injuries to the plaintiff were caused by the negligence of defendant US, through its driver, defendant Agent John Doe, in that the said driver failed to have and keep his motor vehicle under proper control, operated his motor vehicle at a rate of speed that was too fast for the circumstances, failed to brake, steer and control is

vehicle to avoid a contact with the body of the plaintiff and operated his vehicle in an unnecessarily aggressive and careless manner.

26. Plaintiff was free from contributory negligence in the circumstances.

27. As a result of this incident, plaintiff sustained serious and permanent injury, including a compression fracture of his spine and permanent nerve and bone injury to his right foot, was confined to hospital, bed and wheelchair, has been permanently disabled from certain of his normal daily functions, and he will continue to be so damaged in the future.

28. Plaintiff has sustained a "serious injury" within the meaning of the Tort Threshold of the Insurance Law of the State of New York.

29. As a result of the foregoing, plaintiff demands judgment against defendants US and DEA Agent John Doe in the sum of three million dollars.

*As and for a count against defendant DEA and DEA Agent John Doe.*

30. Plaintiff repeats herein the foregoing allegations.

31. The above incident and the resulting injuries to the plaintiff were caused by the negligence of defendant DEA, through its driver, defendant DEA Agent John Doe, in that the said driver failed to have and keep his motor vehicle under proper control, operated his motor vehicle at a rate of speed that was too fast for the circumstances, failed to brake, steer and control is vehicle to avoid a contact with the body of the plaintiff and operated his vehicle in an unnecessarily aggressive and careless manner.

32. As a result of the foregoing, plaintiff demands judgment against defendants DEA and DEA Agent John Doe in the sum of three million dollars.

Wherefore, as a result of the foregoing, plaintiff demands judgment against defendants US and DEA Agent John Doe in the first count in the sum of three million dollars, and judgment against defendants DEA and DEA Agent John Doe in his second count in the sum of three million dollars, together with the costs and disbursements of this action.

Dated: November 5, 2007

>
> Yours etc.
> Becker & D'Agostino, PC
> Attorneys for Plaintiff
> 880 Third Avenue
> New York, NY 10022
>
>
> by:    s/Michael D'Agostino
>         Michael D'Agostino (MD 9825)