MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: KRISTIN L. VASSALLO
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2822
Fax: (212) 637-2730

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JORGE VASQUEZ,

      Plaintiff,

    v.

UNITED STATES OF AMERICA, UNITED
STATES DRUG ENFORCEMENT
ADMINISTRATION, and "DEA AGENT JOHN
DOE,"

      Defendants.
------------------------------------------------------------ x

Electronically Filed

07 Civ. 9813 (LAK)

**ANSWER**

    Defendants the United States of America, the United States Department of Justice, Drug Enforcement Administration ("DEA"), and "DEA Agent John Doe" ("defendants" or "the Government"), by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby answer the complaint (the "complaint") of plaintiff Jorge Vasquez ("plaintiff") upon information and belief as follows:

    1.  Paragraph 1 of the complaint sets forth legal conclusions concerning jurisdiction to which no response is required. To the extent a response is required, deny the allegations, in paragraph 1.

2. Paragraph 2 of the complaint sets forth plaintiff's characterization of the action, and legal conclusions regarding venue, to which no response is required. To the extent a response is required, aver that plaintiff was arrested by DEA agents and/or federally deputized DEA task force officers ("TFOs") in New York, New York on May 10, 2005, and deny the remaining allegations in paragraph 2.

3. The first paragraph 3[1] of the complaint sets forth plaintiff's characterization of the action, to which no response is required. To the extent a response is required, deny the remaining allegations in the first paragraph 3, except admit that plaintiff was arrested by DEA agents and/or TFOs on May 10, 2005.

a. The second paragraph 3 of the complaint sets forth allegations concerning the amount in controversy, to which no response is required. To the extent a response is required, deny the allegations in the second paragraph 3.

4. Deny the allegations in paragraph 4 of the complaint, except aver that the DEA received a Claim for Damage, Injury or Death from plaintiff on April 2, 2007, April 18, 2007, and June 26, 2007.

5. Paragraph 5 of the complaint contains legal conclusions, to which no response is required. To the extent a response is required, aver that the DEA received a Claim for Damage, Injury or Death submitted by plaintiff within two years of plaintiff's May 10, 2005 arrest.

6. Admit the allegations in paragraph 6 of the complaint.

7. Paragraph 7 of the complaint contains legal conclusions, to which no response is required.

---

[1] The complaint contains two paragraphs numbered 3.

8.      Admit the allegations in paragraph 8 of the complaint, except aver that the DEA's correct name is the United States Department of Justice, Drug Enforcement Administration.

9.      Paragraph 9 of the complaint contains legal conclusions, to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.     Admit the allegations in paragraph 10 of the complaint.

11.     Deny the allegations in paragraph 11 of the complaint., except aver that the DEA owned or leased official Government vehicles on May 10, 2005 and prior thereto.

12.     Admit the allegations in paragraph 12 of the complaint.

13.     Deny the allegations in paragraph 13 of the complaint, except aver that DEA agents and/or TFOs arrested plaintiff at apparently 6:55 p.m. on Mary 10, 2005.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the complaint because the term "sting operation" is vague and ambiguous.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint because the term "said operation," referring to the term used in paragraph 14, is vague and ambiguous.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint because the term "said operation," referring to the term used in paragraph 14, is vague and ambiguous.

17.     Deny the allegations in paragraph 17 of the complaint, except aver that during the May 10, 2005 incident, plaintiff exited a motor vehicle, attempted to flee on foot, and resisted arrest.

18. Deny the allegations in paragraph 18 of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the complaint because the term "sting operation" is vague and ambiguous.

23. Paragraph 23 of the complaint contains legal conclusions, to which no response is required. To the extent a response is required, deny the allegations in paragraph 23 of the complaint.

24. Paragraph 24 of the complaint contains legal conclusions, to which no response is required. To the extent a response is required, deny the allegations in paragraph 24 of the complaint.

25. Paragraph 25 of the complaint contains legal conclusions, to which no response is required. To the extent a response is required, deny the allegations in paragraph 25 of the complaint.

26. Paragraph 26 of the complaint contains legal conclusions, to which no response is required. To the extent a response is required, deny the allegations in paragraph 26 of the complaint.

27. Deny the allegations in paragraph 27 of the complaint.

28. Paragraph 28 of the complaint contains legal conclusions, to which no response is required. To the extent a response is required, deny the allegations in paragraph 28.

29. Paragraph 29 of the complaint sets forth plaintiff's prayer for relief, to which no response is required. To the extent a response is required, deny the allegations in paragraph 29.

30. Paragraph 30 of the complaint repeats the allegations in paragraphs 1 through 29, to which no additional response is required. To the extent a response is required, repeat and reallege defendants' responses to paragraphs 1 through 29 of the complaint.

31. Deny the allegations in paragraph 31 of the complaint.

32. Paragraph 32 of the complaint sets forth plaintiff's prayer for relief, to which no response is required. To the extent a response is required, deny the allegations in paragraph 32.

33. The paragraph beginning "Wherefore" sets forth plaintiff's prayer for relief, to which no response is required. To the extent a response is required, deny the allegations in paragraph 33.

34. Defendants specifically deny all of the allegations of the complaint not herein denied or otherwise answered.

### FIRST DEFENSE

Any injuries sustained by plaintiff were sustained without any negligence or fault or want of due care by defendants.

### SECOND DEFENSE

The injuries and damages alleged in the complaint were not proximately caused by any negligent or wrongful act or omission of defendants or any employee or agent of defendants.

### THIRD DEFENSE

In the event defendants are found to be negligent, which negligence defendants deny, the negligence or other culpable conduct of plaintiff contributed to causing the plaintiff's injury, and any recovery must be proportionately reduced. See N.Y. C.P.L.R. § 1411.

## FOURTH DEFENSE

Plaintiff's recovery, if any, in this action is limited to the amount plaintiff claimed in the administrative claims he submitted to the DEA.

## FIFTH DEFENSE

Plaintiff's recovery, if any, must be reduced pursuant to the collateral source statute. See N.Y. C.P.L.R. § 4545(c).

## SIXTH DEFENSE

Plaintiff's recovery, if any, is limited by N.Y. C.P.L.R. § 1601(1).

## SEVENTH DEFENSE.

The United States is not liable for interest prior to judgment or for punitive or special damages. See 28 U.S.C. § 2674.

## EIGHTH DEFENSE

The United States is the only proper defendant to this action, see 28 U.S.C. § 2679(a), and therefore the Court lacks personal and subject matter jurisdiction over defendants DEA and DEA Agent John Doe.

## NINTH DEFENSE

Plaintiff has no right of recovery under New York Insurance Law because he has not sustained serious injuries or sustained economic loss greater than basic economic loss.

## TENTH DEFENSE

Plaintiff's recovery, if any, must be reduced pursuant to New York Vehicle and Traffic Law, and any other applicable law, to the extent by which plaintiff's failure to use any available safety belt caused or contributed to the alleged injuries. See N.Y. Vehicle and Traffic Law § 1229-c.

## ELEVENTH DEFENSE

Plaintiff is not entitled to a jury trial under the Federal Tort Claims Act. See 28 U.S.C. § 2402.

## TWELFTH DEFENSE

By creating an inherently dangerous situation, plaintiff assumed the risk of any injury he sustained.

## THIRTEENTH DEFENSE

The complaint fails to state a claim for which relief can be granted aganist defendants DEA and DEA Agent John Doe.

WHEREFORE, defendants, by their attorney, pray that judgment be entered dismissing the complaint and granting such further relief as this Court deems just, including costs and disbursements.

Dated: New York, New York
January 22, 2008

                                        MICHAEL J. GARCIA
                                        United States Attorney for the
                                        Southern District of New York
                                        Attorney for Defendants

                            By:    /s/ Kristin Vassallo
                                        KRISTIN L. VASSALLO
                                        Assistant United States Attorney
                                        Telephone: (212) 637-2822
                                        Fax: (212) 637-2730

To:    Michael D'Agostino, Esq.
        Becker & D'Agostino, P.C.
        880 Third Avenue
        New York, New York 10022
        Attorney for Plaintiff